# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MYLOWE ALLEN WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13-CV-2205-DDN |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Mylowe Allen Williams' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. #1]. Having reviewed the petition, the Court will order petitioner to show cause as to why the Court should not dismiss the instant petition as time-barred under 28 U.S.C. § 2244(d)(1).

### The Petition

Petitioner states that on January 21, 1998, he was convicted of second degree murder, forcible rape, forcible sodomy, and armed criminal action in the 22nd Judicial Circuit Court in St. Louis, Missouri. Petitioner filed a Rule 24.035 post-conviction motion for relief and voluntarily dismissed it on June 22, 1998. There is no indication that petitioner filed a direct appeal. In the instant action,

petitioner claims that he is innocent of all charges, his DNA was never tested, his appointed counsel failed to interview all witnesses, and a proper investigation was never performed.

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

A review of the instant petition indicates that this action is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal.  Petitioner's post-conviction motion was voluntarily dismissed in 1998; however, the instant application for federal habeas corpus relief was not signed until October 24, 2013, well after the running of the one-year limitations period.

Petitioner states that this action is untimely because he was "young and did not know what [he] was doing."  It is axiomatic that equitable tolling of the AEDPA's one-year limitations period for filing a petition for writ of habeas corpus in federal court requires "extraordinary circumstances."  *See, e.g.*, *Kreutzer v.*

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

*Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition). Petitioner's claims relative to the timeliness of the instant action do not establish extraordinary circumstances required for equitable tolling. Because petitioner has not advanced an explanation that would warrant tolling of the one-year statute of limitations, the Court will order him to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely. Petitioner is warned that if he does not respond to this Order by the deadline set forth below, this action will be dismissed without further notice to him.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant petition appears to be time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's

failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action as time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #4] is **DENIED** as moot.[2]

Dated this 9th day of December, 2013.

/s/Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

---

[2]Petitioner paid the $5 filing fee on December 3, 2013.